J-S54040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ENRIQUE HARRY REYES | : | |
| | : | |
| Appellant | : | No. 852 MDA 2020 |

Appeal from the PCRA Order June 1, 2020
In the Court of Common Pleas of Dauphin County Criminal Division
at No(s): CP-22-CR-0004919-2010

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 09, 2021**

Enrique Harry Reye ("Reyes") appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On June 21, 2011, Reyes entered a negotiated guilty plea agreement to two counts of recklessly endangering another person; and one count each of criminal attempt - homicide, assault of law enforcement officer, firearms not to be carried without a license, possession of firearm by a minor, receiving stolen property, and possession with intent to deliver a controlled substance.[2] The trial court subsequently sentenced Reyes, in accordance with the plea

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2705, 901(a), 2702.1(a), 6106(a)(1), 6110.1(a), 3925(a); 35 § 780-113(a)(30).

agreement, to an aggregate term of 20 to 40 years in prison. Reyes did not file a direct appeal.

On October 31, 2011, Reyes filed his first PCRA Petition, which the PCRA court subsequently dismissed without a hearing. Reyes did not file an appeal.

On March 28, 2016, Reyes filed his second PCRA Petition. The PCRA court subsequently dismissed Reyes's second Petition as untimely filed. Reyes appealed, and this Court, in a *per curiam* Order, dismissed Reyes's appeal for failure to file an appellate brief. **See Commonwealth v. Reyes**, 1714 MDA 2016 (Pa. Super. 2016) (*per curiam* order).

On April 23, 2020, Reyes filed the instant PCRA Petition, his third. On May 29, 2020, the PCRA court issued Notice of its intent to dismiss Reyes's third PCRA, pursuant to Pa.R.Crim.P. 907, as untimely filed. Specifically, the PCRA court concluded that it lacked jurisdiction to consider Reyes's third Petition, because Reyes had failed to plead and prove an exception to the one-year PCRA time bar. Reyes filed a Response, and, on May 29, 2020, the PCRA court dismissed Reyes's Petition. Reyes filed a timely Notice of Appeal.

Reyes now raises the following claims for our review:

1. Did the trial court err when it imposed a state sentence without considering the requisite statutory factors required by the Supreme Court of Pennsylvania, outlined within Pa.R.Crim.P. 702(2), (a[)], [(]b[)] and [(]c)[?]

2. Did the trial court err when it failed to state its reasons for dispensing with the [presentence investigation report] on record [*sic*]?

3. Was PCRA counsel ineffective for not raising plea counsel's ineffectiveness for not investigating or presenting any mitigating evidence[?]

4. Was PCRA counsel ineffective for not raising plea counsel['s] ineffectiveness for not presenting a strategical and cognent [*sic*] defense to contradict the Commonwealth's case of pursuing the mandatory minimum[?]

5. Was PCRA counsel ineffective for withdrawing from the case without contacting [Reyes] and perfecting [Reyes]'s PCRA Petition[?]

Brief for Appellant at vii (some capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Reye's judgment of sentence became final on July 21, 2011, when the time for filing a direct appeal expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Reyes's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." **Id.** § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

In all five of his claims, Reyes fails to identify or invoke *any* of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Therefore, we lack jurisdiction to address the merits of these claims. **See Albrecht**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

- 4 -